The Attorney General is in receipt of your request for an opinion wherein you inquire as to: ". . . the maximum legal rate of interest that can be charged by and between individuals who are not engaged in any type of consumer loans or consumer related loans under the Uniform Consumer Credit Code." The Oklahoma Constitution, Article XIV, Section 2, was amended by State Question No. 454, Legislative Referendum No. 167, adopted September 17, 1968, to provide: "The Legislature shall have authority to classify loans and lenders, license and regulate lenders, define interest and fix maximum rates of interest; provided, however, in the absence of legislation fixing maximum rates of interest, all contracts for a greater rate of interest than ten percent (10%) per annum shall be deemed usurious; provided, further, that in contracts where no rate of interest is agreed upon, the rate shall not exceed six percent (6%) per annum." The cited constitutional language, in pertinent part, authorizes the Legislature to classify loans and fix maximum rates of interest. In the absence of legislation fixing maximum rates of interest, all contracts are constitutionally deemed usurious which provide for a rate of interest exceeding ten percent per annum. Pursuant to this constitutional provision the rate of interest shall not exceed six percent per annum as to any contract not expressing an agreed interest rate. The fact that the contracting individuals are not engaged in any type of "consumer loans or consumer related loans under the Uniform Consumer Credit Code" does not remove the contract from the Uniform Consumer Credit Code "UCCC", 14A O.S. 1-101 [14A-1-101] et seq. (1971). The UCCC expressly encompasses loans which are not consumer or consumer related. Such loans are covered by 14A O.S. 3-605 [14A-3-605] (1971), which provides: "With respect to a loan other than a consumer loan or a consumer related loan, the parties may contract for the payment by the debtor of any loan finance charge, not in excess of the rate of loan finance charge specified in 14A O.S. 5-107 [14A-5-107](2)." 14A O.S. 3-605 [14A-3-605] does not incorporate the entirety of 14A O.S. 5-107 [14A-5-107](2) (1971). It incorporates only the "rate of loan finance charge specified" in that sub-section. The loan finance charge specified in 14A O.S. 5-107 [14A-5-107](2) is an annual rate of "forty-five percent (45%) calculated according to the Actuarial Method." That amount is the maximum legal rate of interest controlling loans other than consumer loans or consumer related loans made by and between individuals. In Barnes v. Helfenbein,548 P.2d 1014 (Okl. 1976), the Supreme Court of Oklahoma stated: "On September 17, 1968, the people of the State of Oklahoma amended Article XIV, Section 2 of the Oklahoma Constitution and granted the legislature the authority to fix maximum rates of interest. . . "Subsequently, the Oklahoma legislature adopted a modified version of the Uniform Consumer Credit Code which became effective on July 1, 1969. The effect of the passage of the UCCC was to repeal all existing ceilings on interest rates for loans. Under the UCCC, loans are divided into three all encompassing categories: 'consumer loans,' 'consumer related loans' and loans other than consumer or consumer related loans, referred to as 'other loans.' The provisions of the UCCC reflect a complete legislative treatment which fixes the maximum rates of interest for all lending transactions in Oklahoma. The first proviso of the constitutional amendment fixing the maximum rate of interest in the absence of legislation is rendered inapplicable because of the enactment of the UCCC. . . "The statutory standards to be utilized in determining whether a loan is a 'consumer loan' are delineated by 14A O.S. 3-104 [14A-3-104] and 14A O.S. 3-105 [14A-3-105] (1971). In order for this loan to be a 'consumer loan,' it must meet all of the criteria set forth in both these sections . . . . ". . . Pursuant to the authority granted by art. 14 2 of the Oklahoma Constitution, the legislature by its enactment of 14A O.S. 3-605 [14A-3-605] and 14A O.S. 5-107 [14A-5-107](2) (1971) has established the maximum permissible rate of interest for all loans other than consumer loans and consumer related loans to be forty-five percent (45%) per annum calculated according to the actuarial method. The rationale for this as stated in the Comment to 14A O.S. 3-605 [14A-3-605] of the Model Act is that there is no need for usuary limitations in sophisticated business transactions. "With respect to commercial lending transactions (i. e. those which were not 'consumer loans' or 'consumer related loans'), the legislature fixed a single maximum permissible rate thus allowing parties of equal bargaining position to contract freely for any interest rate which did not constitute an extortionate extension of credit. We therefore find that the maximum permissible rate of interest in Oklahoma for all loans other than 'consumer loans' and 'consumer related loans' is forty-five percent (45%) per annum calculated according to the actual method." Emphasis added 548 P.2d 10161019. It is, therefore, the official opinion of the Attorney General that the maximum permissible rate of interest in Oklahoma for all loans other than "consumer loans" and "consumer related loans" under the Uniform Consumer Credit Code is forty-five percent (45%) per annum calculated according to the actuarial method. (JOHN PAUL JOHNSON) (ksg)